**NATURAL RESOURCES DEFENSE COUNCIL, INC., Plaintiff,**

v.

**LOEWENGART & COMPANY, INC., Defendant.**

**Civ. A. No. 1:CV–89–1559.**

United States District Court, M.D. Pennsylvania.

Oct. 25, 1991.

John E. Childe, Jr., Hummelstown, Pa., Nancy S. Marks, James F. Simon, Nora J. Chorover, Katherine Kennedy, Natural Resources Defense Council Inc., New York City, for plaintiff.

John L. Wittenborn, Mark L. Austrian, Colliler, Shannon & Scott, Washington, D.C., Charles E. Gutshall, Klett, Lieber, Rooney & Schorling, Harrisburg, Pa., for defendant.

## MEMORANDUM

CALDWELL, District Judge.

Plaintiff, Natural Resources Defense Council, Inc. (NRDC), has filed a motion for summary judgment on liability in this environmental action brought under the Clean Water Act. *See* 33 U.S.C.A. § 1365 (West 1986 & Supp.1991). By its motion, it seeks to establish that defendant, Loewengart and Company, Inc. (Loewengart), violated the effluent limitations and reporting requirements of its National Pollutant Discharge Elimination System (NPDES) permit. Plaintiff would leave to a subsequent hearing the issue of an appropriate reme-

dy, including the extent of penalties and equitable relief. We will evaluate plaintiff's motion under the well established standard. *See Williams v. Borough of West Chester*, 891 F.2d 458 (3d Cir.1989).

The motion is supported by appropriate documentary evidence establishing the violations of the effluent limitations and the reporting requirements. Plaintiff relies upon Loewengart's own discharge monitoring reports (DMRs) to establish the violations, which revealed unlawful discharges from defendant's tannery in Mercersburg, Pennsylvania into Johnston Run, a tributary of Conocoheague Creek. These reports show that Loewengart violated the effluent limitations 123 times from October 1985 through May of 1991 and the reporting requirements 116 times during the same period for a total of 239 violations. (exhibits H and I to plaintiff's memorandum in support of its motion for summary judgment). It would therefore appear to be appropriate to enter summary judgment on liability.

Defendant's opposition does not contest that the violations occurred. Rather, along with more serious objections discussed below, it concentrates upon Loewengart's attempts over the past several years to modify its treatment system, how despite good faith efforts at compliance its current system—which was the best available technology at the time—was often subject to the vagaries of the weather, and its eventual decision to accept a recommendation by the Pennsylvania Department of Environmental Resources (PaDER) that it build an entirely new system, a sequencing batch reactor (SBR) treatment system, rather than go with a trickling filter system, its own solution. It has also emphasized its close cooperation with PaDER during this time which has resulted in a draft of a consent decree which, in the defendant's view, should eliminate the plaintiff's concerns about future pollution.

■ All of this may be true, but as the plaintiff has pointed out, the Clean Water Act imposes strict liability. All the plaintiff need do is establish that the defendant violated the terms of its NPDES permit.

*See Public Interest Research Group v. Powell Duffryn Terminals Inc.*, 913 F.2d 64, 68, 73 n. 10 (3d Cir.1990); *Locust Lane v. Swatara Township Authority*, 636 F.Supp. 534 (M.D.Pa.1986) (Caldwell, J.). We conclude that the plaintiff has made a sufficient showing.

■ We are not persuaded by defendant's argument that, in light of the proposed consent decree, the plaintiff has no standing to pursue this action. We previously considered the standing issue on the defendant's motion to dismiss and see no reason to alter our conclusion. The affidavits of the members of the plaintiff association, (exhibits C, D, and E to plaintiffs' supporting brief), clearly indicate that they have been injured by the pollution of Conocoheague Creek and that the remedial measures they seek would redress the injury. It is true that the consent decree would require Loewengart, in part, to build a new treatment facility to replace the lagoons it currently uses. To that extent the plaintiff may no longer need some of the relief it seeks. But defendant's argument confuses the issue of appropriate relief with the issue of standing. The plaintiff has standing to pursue this action.

■ Loewengart has also attacked the reporting violations as they relate to certain pollutants its permit required it to monitor, hexavalent chromium, total lead, total phenol, total cadmium, total nickel and phenolics. Loewengart had to make a so called TRE special report for these pollutants. According to Loewengart, "because of misleading information from PaDER," it believed its duty to report these pollutants, or even to monitor them, ran only from December of 1986 until October of 1987, when it had to make its TRE special report. (unsworn declaration of Rodman K. Mowen, ¶ 17). Thus, although it continued to monitor these pollutants, it simply did not include the results in its monthly DMRs. "When Loewengart realized the error," it once again began to report these pollutants on its DMRs, beginning in February of 1989. (*Id.*, ¶ 19). At that time, its attorney also submitted a report for the period from November of

1987 through January of 1989, the interval during which no reports were made on these pollutants. (Id., ¶ 20). In Loewengart's view, it should therefore be excused from any reporting violations for these pollutants during this time period.

The defendant does not identify the "misleading information" that it claims PaDER gave it, the PaDER agent who conveyed this information, or any other circumstance relating to this supposed misinformation. Additionally, Loewengart's position is contrary to its permit which required it to monitor these pollutants, and report them, until PaDER modified the permit. (exhibit F at p. 5 to plaintiff's brief in support of summary judgment). Defendant has presented no evidence that PaDER agreed to a modification and plaintiff has presented evidence to the contrary. (exhibit F to plaintiff's reply brief, affidavit of Randy S. King, PaDER compliance specialist). It is not enough that Loewengart requested the modification. (exhibit F to defendant's opposition brief). PaDER had to agree to it. We therefore reject the defendant's argument.

Some of the reporting violations claimed by plaintiff deal with the permit's requirement that Loewengart provide information as to the frequency of its testing and type of samples used in generating its reports. Plaintiff asserts that this information is just as important as the end results because it allows the government and the public to determine if the monitoring is being done properly. For a period of over three years, October of 1985 through December of 1988, plaintiff charges that defendant did not include this information in its DMRs. Loewengart's response is that PaDER provided it with pre-printed forms already containing this information. It simply failed to put ditto marks in the appropriate box indicating compliance with the sampling standards established by the permit. We reject this response. The blank spaces are there so that Loewengart can confirm it is doing the testing properly. When Loewengart fails to positively affirm this, it is not just a simple clerical error. We therefore agree with plaintiff that lia-

bility should be imposed for these reporting violations.

Loewengart has also argued that some of the violations claimed by the plaintiff here were the subject of previous ligation against the defendant by the Sierra Club, and subject to the settlement it made with the Sierra Club which stipulated to penalties to be paid through March 11, 1987. (exhibit N to plaintiff's brief in support of summary judgment). However, we accept the plaintiff's explanation as to why, despite its stated intention that it would not seek penalties duplicative of the Sierra Club litigation, it has sought judgment for violations apparently overlapping with the previous lawsuit. NRDC has limited its claims for the period prior to March 11, 1987, to violations other than those for "conventional pollutants," as defined and covered in the Sierra Club settlement agreement.

Defendant also argues that we should follow *Atlantic States Legal Foundation, Inc. v. Eastman Kodak Co.,* 933 F.2d 124 (2d Cir.1991) in disposing of this action. By way of some background on this issue, section 1365(a) authorizes a citizen's suit, but before the suit can be filed, section 1365(b)(1)(A)(i) requires a citizen to give sixty days notice of his intention to do so to the state agency responsible for protecting the environment. This allows governmental authorities to bring their own actions first so that they can control litigation over environmental concerns because section 1365(b)(1)(B) provides that no citizen suit can be filed once the state "commences and is diligently prosecuting a civil or criminal action."

In *Eastman Kodak,* the Second Circuit held that a citizen's suit under the Clean Water Act had to be dismissed when the state environmental agency subsequently settled the matter with the polluter even though the agency had not filed suit within the sixty days required by section 1365(b)(1)(A)(i). The court allowed an exception if "there was a reasonable prospect that the violations alleged in [the citizen's] complaint will continue notwithstanding the settlement." 933 F.2d at 127 (brackets

added). It supported its conclusion by noting that: (1) citizen suits were intended to "supplement, not supplant, state enforcement"; and (2) permitting the suit to proceed would "discourage a governmental enforcement action once a citizen suit has been commenced." *Id.* at 127. The court was also concerned that allowing the suit to proceed would block governmental settlements.

Pursuant to *Eastman Kodak,* Loewengart would therefore limit the remainder of this action to determining whether the provisions of its consent agreement with PaDER would eliminate the reasonable prospect that the violations would continue despite the settlement. The defendant would have us dismiss the plaintiff's claims arising from the past violations, including substantial penalties the plaintiff maintains is justified here, even though plaintiff asserts the penalties under the PaDER consent agreement are woefully inadequate.

NRDC argues that *Eastman Kodak* was wrongly decided and that partial dismissal is inappropriate here. It contends that any overlap with the PaDER proceedings can be handled at the remedial stage of this lawsuit when the penalties and other provisions of the PaDER consent decree can be coordinated with whatever relief we order.

■ We agree with the plaintiff's position. Section 1365 clearly provides that a citizen's suit can be commenced if the government does not file its own lawsuit within sixty days of the citizen's notice of its intent to do so. If Congress had intended a citizen's suit to be dismissed when the government took initiative against the polluter at any subsequent time, it could have written the citizen's suit provision that way. There is support for our conclusion. *See Chesapeake Bay Foundation v. American Recovery Co., Inc.,* 769 F.2d 207 (4th Cir.1985) (per curiam) (dicta); *Connecticut Fund for the Environment, Inc. v. Upjohn Company,* 660 F.Supp. 1397 (D.Conn. 1987).

■ Therefore, the instant case will proceed since the record reveals that PaDER did not commence an action against Loewengart within the sixty day notice period. NRDC gave PaDER notice on August 21, 1989, of its intention to file this lawsuit. PaDER did not commence suit within the sixty day period thereafter although it did give its own notice to Loewengart of intent to sue on April 30, 1990. This litigation was initiated on October 29, 1989. PaDER's eventual, and as yet unconsummated, settlement with Loewengart therefore cannot be a ground for dismissal of this action or a limitation upon the relief to which the plaintiff is entitled—except to the extent we consider the settlement agreement in the context of the entire litigation.

Accordingly, we will grant plaintiff summary judgment on liability as to those violations presented in its motion.